EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION<br>This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | Charge Presented To:<br>☐ FEPA<br>☒ EEOC | Agency(ies) Charge No(s):<br>511-2020-01174 |
|---|---|---|

Florida Commission On Human Relations _____ and EEOC
*State or local Agency, if any*

| Name (indicate Mr., Ms., Mrs.)<br>Yolando Y. Andrews | Home Phone (Incl. Area Code)<br>(813) 215-7527 | Date of Birth |
|---|---|---|

Street Address: 405 S Howard Street, Plant City, FL 33563

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name<br>PASCO COUNTY SCHOOLS | No. Employees, Members<br>500 or More | Phone No. (Include Area Code)<br>(813) 794-2353 |
|---|---|---|

Street Address: 7227 Land O'Lakes Blvd., Land O Lakes, FL 34638

DISCRIMINATION BASED ON (Check appropriate box(es).)

☒ RACE  ☐ COLOR  ☐ SEX  ☐ RELIGION  ☐ NATIONAL ORIGIN
☒ RETALIATION  ☐ AGE  ☐ DISABILITY  ☐ GENETIC INFORMATION
☐ OTHER (Specify)

DATE(S) DISCRIMINATION TOOK PLACE
Earliest: 07-11-2018    Latest: 08-31-2018
☐ CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

PERSONAL HARM:
I began my employment with the above Respondent April 23, 2018, as Site Manager/Coordinator. Throughout my employment, I never had any performance or disciplinary issues nor the required 30-day meeting dated to occur Friday 22nd June 2018 that was outlined in the 90 day probationary letter from Sandra Jay, Program Manager, sent from her in an attachment email by Eileen Hewitt, Secretary. However, I was subjected to harassment and unequal terms and conditions of employment when it came to training, disciplinary actions and performance standards due to my race and complaining as a form of retaliation.

On July 11, 2018, I reported to Gwendolyn Harris of the Florida Department of Education 21st Century Program Office about racial profiling and false accusations I was subjected to by Mary Grey, Director, Sandra Jay, Program Manager, and Jeanine Mouret, Program Specialist for Elementary Schools in an unannounced meeting on July 11, 2018 which was the first meeting I ever had during my 90-day probationary period. This was past the date scheduled for my 45 day without weekends/60days without weekends review meeting which was to be the first of two scheduled meetings during my 90 probationary period stated in the letter from Sandra Jay signed and dated April 24, 2018 as an attachment to an email. I received this attached letter via email April 25, 2018 stating "As a new hire, you are considered to be on probation for the first 90 days of

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the above is true and correct.

Date: 1/26/20    Charging Party Signature: *Yolando Y. Andrews*

NOTARY – When necessary for State and Local Agency Requirements

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.
SIGNATURE OF COMPLAINANT

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE
(month, day, year)

Received JAN 28 2020 Tampa Field Office

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION<br>This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | Charge Presented To:<br>☐ FEPA<br>☒ EEOC | Agency(ies) Charge No(s):<br>511-2020-01174 |
|---|---|---|

Florida Commission On Human Relations and EEOC
*State or local Agency, if any*

your employment. As a part of this program. We will meet with you two times within this probationary period...The purpose of these meetings is to review your progress and provide assistance in the areas that we might identify." This information letter of my probationary period as a new employee stated nothing in regards to termination, at will, and/or upon the 90 day probation "program"; and, it had no reference to/of 97 days anywhere in this letter or the subject of the email the letter from Sandra Jay was attached to. Moreover, when I inquired on June 21, 2018 about my first Scheduled meeting for June 22, 2018, Jeanine Mouret replied, "Oh, that's just an observation, not a meeting. We are not having that tomorrow; the observation will be another day." Yet, the letter attachment reads 45-90 day probationary letter with specific meeting dates during my first 90 days; I never received the 45 day with weekends/60 day without weekend meeting nor an observation in regards to it.

I was falsely accused of stereotypical behavior some associate specific to my race; yet, not observed, and refused me due process of filing a grievance after the discrimination and other false accusations against my professional ethics, morals, and character were blemished by a Ms. Jeanine Mouret. I was reprimanded for several other false accusations; and told, as a child they will stop. When I attempted to address the issues of false claims I was shut down; and, told "we haven't even gotten through the first part of this review by Mary Gray, Program Director.

On July 17, 2018, I was denied filing a grievance due to racial profiling discrimination and false allegations. I was originally discharged on August 24, 2018 by Thomas Neesham, Employee Relations Supervisor Pasco County Schools, because I attempted to report racial profiling, false accusations. At that time I placed the school keys and district badge on the desk. After emphasizing again I was denied training by Jeanine Mouret and the right to file a grievance, Thomas Neesham stated he wanted to be fair, he would place me on an administrative leave while he looked into my statement that Cheryl Gancy, Resource Manager of Human Capital Pasco County Schools, informed me on July 17, 2018, per Employee Relations, I couldn't file a grievance because I had not been fired nor was the review I received on July 11, 2018 nor part of my file since it was only a review. Thomas Neeshem told me to not tell anyone I was on Administrative Leave; and, ensured he would call of his findings. However, without the call Thomas Neesham promised, I was discharged in a letter by Thomas Neesham received via UPS letter delivery on September 5, 2018 in which the letter dated August 29, 2018 states "Dear Ms. Andrews, This letter will serve to notify you that the District has elected to release you during your probationary period. Accordingly, your employment with the District as the Site Coordinator for the STAR Academy at Gulf Highland Elementary has been terminated effective August 31, 2018. You are not to report to work from this point forward...". The dismissal letter referenced Re: Notice of Release During Probationary Period. However, I received a congratulatory 90 days of employment email on July 20, 2018 from Pasco County Schools Human Resources referencing completion of 90 days of employment ending my probationary period. In addition, because I attempted to report this harm, my 90 day probationary period conveniently became 97 days in a letter I received from Sandra Jay on August 6, 2018, yet, dated July 23, 2018; this was another unscheduled meeting on August 6, 2018. When I inquired via email regarding the letter addressing the July 11, 2018 meeting, the 14 day old back date on the letter, and

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT |
| 1/26/20 *[signature]*<br>Date — Charging Party Signature | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE<br>(month, day, year)<br>*Received JAN 28 2020 Tampa Field Office* |

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION<br>This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | Charge Presented To:<br>☐ FEPA<br>☒ EEOC | Agency(ies) Charge No(s):<br>**511-2020-01174** |
|---|---|---|

**Florida Commission On Human Relations** and EEOC
*State or local Agency, if any*

the 97 day probationary period stated in this letter that I had no prior knowledge of until I read the letter in its entirety after leaving the brief meeting, per Sandra Jay in the email reply, the meeting was to only hand me this letter that I had no knowledge I was receiving to recap the July 11, 2018 meeting, to make me aware, and that as a non-bargaining employee, she could call me at will for a meeting without notice... The letter stated in addition, because it was not stated in the July 11, 2018I meeting, "I am reminding you that your employment status is probationary during the first ninety-seven (97) workdays...During this probationary period, you may be dismissed without cause or resign without notice and be released without prejudice..." This letter was dated 22 days after the July 11, 2018 meeting and given to me 14 days after the date printed on the letter. She, Sandra Jay, replied via email, "...With regards to the 97 day probationary period, the information is provided upon hire and it was placed in the letter, as we wanted to make sure you were reminded and aware of this." This was contradictory to the only letter I had received upon hire regarding my probationary period time frame in which she, Sandra Jay was the author; and, an attempt to falsify that documentation as a means to justify releasing me under a falsified probationary period of 97 days via this new letter due to the fact my 90 day probationary period had passed, which was all conspired because I attempted to report this harm. As stated above, the only letter from Sandra Jay referencing my probationary period prior to this letter dated July 23 which I received from her on August 6, 2018 in the presence of Mary Grey and Jeanine Mouret, was dated April 24, 2018; and, I received the I letter April 25, 2018, which clearly states I was under a probationary period my first 90 days of employment.

Furthermore, following my discharge, I have applied to several potential employment opportunities only to either be denied an interview or given no response and/ or a rejection letters despite my experience and qualifications. I believe the Respondent is providing these potential employers unfavorable employment references regarding me as a continued retaliation against me to prevent my gainful employment because I attempted to report this harm.

RESPONDENT'S REASON (S) FOR ADVERSE ACTION(S):
I was given no legitimate reason(s) for any of the other actions listed.

DISCRIMINATION STATEMENT:
I believe I have been discriminated against based on my race (African American) and retaliation in violation of Title VII of the Civil Right Act of 1964, as amended.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.<br>I declare under penalty of perjury that the above is true and correct.<br><br>1/26/20  *[signature: Yolanda Y. Andrews]*<br>Date / Charging Party Signature | NOTARY – *When necessary for State and Local Agency Requirements*<br><br>I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT<br><br>SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE<br>(month, day, year)<br><br>*[stamp: Received JAN 28 2020 Tampa Field Office]* |
|---|---|